# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE ANDRES R.E., | Case No. 25-CV-3946 (NEB/DLM) |
| Petitioner, | |
| v. | |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT, SAMUEL OLSON, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and, RYAN SHEA, Sheriff of Freeborn County. | ORDER ON WRIT OF HABEAS CORPUS |
| Respondents. | |

Petitioner Jose Andres R.E. is a non-citizen who has been detained by Immigration and Customs Enforcement. He petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241 and for a preliminary injunction, requesting a bond hearing under 8 U.S.C. § 1226(a). The Court granted the preliminary injunction on the record at the hearing on

this matter, ordering a bond hearing within seven days. (ECF No. 16.) Now, the Court grants R.E.'s petition and provides explanation for the grant of the injunction.[1]

## BACKGROUND

R.E. is a national and citizen of Ecuador. (ECF No. 13 at 2.) In 2019, he entered the United States without inspection. (*Id.*; ECF No. 1 at 9.) Five years later, he filed an Application for Advance Permission to Enter as a Non-Immigrant. (ECF No. 6-1.) The government granted R.E. a Bona Fide Determination Notice, allowing him deferred action while his Application is pending. (ECF No. 6-2.)

On September 30, 2025, ICE arrested R.E. during a traffic stop. (ECF No. 13 at 3.) ICE issued R.E. a Notice to Appear in Removal Proceedings and a Warrant for Arrest of Alien. (ECF Nos. 13-2, 13-3.) R.E. was detained without a bond hearing for weeks before he brought this petition for habeas corpus.

On October 27, the Court ordered Respondents to, within seven days, release R.E. from custody or provide a bond hearing. (ECF No. 16.) The immigration judge set bond two days later. (ECF No. 19.) Two days after that, R.E. posted bond, so R.E. is no longer in custody. (*Id.*)

---

[1] At the hearing, the parties agreed that the Court can and should consider the merits of the petition as well as the motion for injunctive relief.

## ANALYSIS

The government makes two primary arguments challenging R.E.'s petition for a bond hearing: first, that the Court does not have jurisdiction to hear the case; and second, that R.E. asserts the wrong statute for detention. In well over 100 cases and counting, courts across the country have almost universally rejected both arguments asserted by the government.[2] The Court agrees with the weight of authority and grants R.E.'s habeas petition.

---

[2] (ECF No. 5 at 11–13 (string citation spanning three pages of decisions favorable to R.E.)); *e.g.*, *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691 (D. Minn. 2025); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Carmona-Lorenzo v. Trump*, 4:25-CV-3172, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); *Giron Reyes v. Lyons*, -- F. Supp. 3d --, No. 25-CV-12546, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Sampiao v. Hyde*, -- F. Supp. 3d --, No. 1:25-CV-11981, 2025 WL 2607924 (D. Mass. Sept. 9, 2025); *Chogllo Chafla v. Scott*, 2:25-CV-00437, 2025 WL 2688541 (D. Me. Sept. 22, 2025); *Casun v. Hyde*, No. 25-CV-427-JJM-AEM, 2025 WL 2806769 (D.R.I. Oct. 2, 2025); *Lopez Benitez v. Francis*, --F. Supp. 3d --, No. 25-CV-5937, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Kostak v. Trump*, No. 25-CV-1093, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Lopez-Arevelo v. Ripa*, --F. Supp. 3d --, No. 25-CV-337, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025); *Hasan v. Crawford*, 1:25-CV-1408, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *S.D.B.B. v. Johnson*, 1:25-CV-882, 2025 WL 2845170 (M.D.N.C. Oct. 7, 2025); *Barrera v. Tindall*, No. 3:25-CV-541-RGJ, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025); *Alejandro v. Olson*, No. 1:25-CV-02027, 2025 WL 2896348 (S.D. Ind. Oct. 11, 2025); *Rodriguez Vazquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025); *Guzman v. Andrews*, 1:25-CV-01015, 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025); *Echevarria v. Bondi*, No. CV-25-03252, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025).

## I.     Jurisdiction

According to the government, the Court lacks jurisdiction under 8 U.S.C. Sections 1252(b)(9) and (g). As the Supreme Court has repeatedly concluded, Section 1252(b)(9), which governs judicial review of orders of removal, does not strip the Court of jurisdiction over a non-citizen's claim that they are entitled a bond hearing. *See, e.g.*, *Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018) (holding that Section 1252(b)(9) does not bar review of non-citizen's claims that they are entitled a bond hearing); *Nielsen v. Preap*, 586 U.S. 392, 402 (2019) (affirming *Jennings*). Section 1252(b)(9) thus does not bar review.

Nor does Section 1252(g) strip the Court of jurisdiction. This provision is narrow, stripping a district court's jurisdiction in only three circumstances: the decision to commence proceedings, adjudicate cases, or execute removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). It does not "cover[] the universe of deportation claims"; nor does it cover claims related to the legality of detention without bond. *See id.* ("It is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings."); *Jennings*, 583 U.S. at 294–295 & n.3 (2018) (affirming *Reno* and rejecting the argument the government raises here that "detention is an action taken to remove an alien and that therefore even the narrowest reading of 'arising from' must cover"

respondents' claims related to their detention without bond (citation modified)). R.E. does not challenge the decision to commence proceedings, adjudicate cases, or execute removal orders; he instead challenges the government's justification of his detention as mandatory, so Section 1252(g) does not bar review.

## II.     Basis for Detention

Having established jurisdiction, the principal question is whether R.E. is an applicant for admission under Section 1225(b) or an alien residing in the United States under Section 1226. Section 1225(b) "authorizes the Government to detain certain aliens *seeking admission into the country*." *Jennings*, 583 U.S. at 289 (emphasis added). If Section 1225(b) applies, R.E. is subject to mandatory detention and is not entitled to a bond hearing.

Meanwhile, Section 1226 "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Id.* (emphasis added); *see Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (distinguishing non-citizens "who have come to our shores *seeking admission*" from "those who are *within the United States* after an entry, irrespective of its legality" (emphases added)). If Section 1226 applies, R.E. is subject to discretionary detention and is entitled to a bond hearing. *See Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1247 (W.D. Wash. 2025) (explaining that the critical distinction between the two statutes is that "noncitizens detained under

5

Section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under Section 1226(a) are entitled to a bond hearing before an IJ at any time before entry of a final removal order"). R.E., a noncitizen residing in the United States for years before his detention, plainly falls under Section 1226.

Again, as has been held by almost every court to consider the issue, the government's interpretation of the statute is contrary to the plain text of both Sections 1225(b) and 1226. *See, e.g.*, *Romero v. Hyde*, -- F. Supp. 3d --, No. CV 25-11631, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) ("[T]he interpretation being advanced by the Government, which would require the mandatory detention of hundreds of thousands, if not millions, of individuals currently residing within the United States, is contrary to the plain text of the statute and the overall statutory scheme."). Section 1225(b)(2)(A) applies to (1) "an applicant for admission" who "the examining immigration officer determines" is (2) "seeking admission," and (3) "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225. The government reads this statute to mean that any "applicant for admission" (defined to include aliens "present in the United States who ha[ve] not been admitted") is "seeking admission." That reading would render "seeking admission" meaningless. *See Corley v. United States*, 556 U.S. 303, 314 (2009) (characterizing as "one of the most basic interpretive canons" the principle that "a statute

should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant" (citation modified)).

Instead, the phrase "seeking admission," necessarily requires "some sort of present-tense action." *Martinez v. Hyde*, -- F. Supp. 3d --, No. 25-CV-11613, 2025 WL 2084238, at *6 (D. Mass. July 24, 2025), *appeal docketed*, No. 25-1902 (1st Cir. Sept. 29, 2025); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6 (D. Minn. Oct. 1, 2025). R.E.'s notice to appear does not indicate any present-tense action. In fact, the immigration officer indicated that R.E. was "an alien present in the United States who has not been admitted or paroled," while failing to indicate he was "an arriving alien":

☐ You are an arriving alien.
☒ You are an alien present in the United States who has not been admitted or paroled.
☐ You have been admitted to the United States, but are removable for the reasons stated below.

(ECF 13-2 at 1.) Without any sort of present-tense action, R.E. is not "seeking admission," and is thus not subject to Section 1225(b).

The government's reading would also render Section 1226(c)'s recent amendment superfluous. Under the recent amendment set forth in the Laken Riley Act, people charged with certain crimes are not subject to discretionary release and must be detained. Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025). The government's reading—that any noncitizen in the country that has not been admitted is subject to mandatory

7

detention under Section 1225(b)—would render this amendment meaningless because the people who fall under mandatory detention in Section 1226(c) would already be subject to detention under Section 1225. *See Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *6 (D. Minn. Oct. 21, 2025).

R.E., who has resided in the country for years, was detained under Section 1226. The government's contrary reading cannot be squared with the text of the statute or the government's own record. R.E. is thus subject to discretionary detention and entitled to a bond hearing. The Court grants R.E.'s writ of habeas corpus (ECF No. 1) as set forth below.[3]

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. R.E.'s motion for preliminary injunction (ECF No. 3) and Petition for Writ of Habeas Corpus (ECF No. 1) are GRANTED. R.E.'s detention without an

---

[3] The Court granted the motion for preliminary injunction because, for the reasons explained above, R.E. has a meritorious petition. Additionally, the government's unlawful detention of R.E. constitutes irreparable harm. *See Matacua v. Frank*, 308 F. Supp. 3d 1019, 1025 (D. Minn. 2018) ("[A] loss of liberty . . . is perhaps the best example of irreparable harm . . . ."). And the balance of the harms and public interest favor R.E. *See Maldonado v. Olson*, -- F. Supp. 3d --, No. 25-CV-3142 (SRN/SGE), 2025 WL 2374411, at *15–16 (D. Minn. Aug. 15, 2025).

individualized custody determination violated the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment; and

2. Within seven days of this Order, the parties shall advise the Court whether additional proceedings in this matter are required.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 4, 2025

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge

---

[4] The Court has been informed that since the date of the preliminary injunction, R.E. has had a bond hearing and been released, (ECF No. 19), so the Court does not need to order a bond hearing. As to other forms of relief requested, R.E. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).